UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VANESSA FORCELLI, | No. 20-699 (JRT/HB) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER AWARDING FEES AND COSTS** |
| TIMOTHY CHARLES SMITH, | |
| Respondent. | |

Kendal K. O'Keefe and Scott M. Rodman, **ARNOLD, RODMAN & KRETCHMER PLLC**, 2626 East Eighty-Second Street, Suite 355, Bloomington, MN 55425, for petitioner.

Allison Maxim, **MAXIM SMITH FAMILY LAW PLLC**, 333 Grand Avenue, Suite 201, Saint Paul, MN 55102, for respondent.

On August 25, 2020, the Court issued Findings of Fact, Conclusions of Law, and Order for Judgment following a bench trial on the petition brought by Vanessa Forcelli against Timothy Charles Smith pursuant to the Hague Convention, 19 I.L.M. 1501 (1980), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, alleging that Smith wrongfully retained their minor child, M.S.S., in the United States.  *See Forcelli v. Smith*, No. 20-699, 2020 WL 5015838 (D. Minn. Aug. 25, 2020) (the "August 25 Order").  The Court concluded that the child's habitual residence is in Germany and ordered that M.S.S. be returned to Germany. *Id.* at *11.  In addition, the Court ordered

that upon application to the Court, reasonable attorney's fees and costs would be awarded. *Id.* Pursuant to 22 U.S.C. § 9007(b)(3) and based on the accountings and arguments presented by the parties, the Court will order Smith to pay expenses and costs in the amount of $3,923.23 and attorney's fees and costs of $32,000.

## BACKGROUND

The Court described its findings of fact in detail in its August 25 Order, and will not repeat them here. *See Forcelli*, 2020 WL 5015838, at *1–6.

On October 22, 2020, Forcelli filed affidavits in support of an award of fees and expenses pursuant to 22 U.S.C. § 9007.[1] (*See* Aff. Vanessa Forcelli ("Forcelli Aff."), Oct. 22, 2020, Docket No. 78; Aff. Scott M. Rodman ("Rodman Aff."), Oct. 22, 2020, Docket No. 79.) In total, Forcelli requested $104,059.53 in expenses and attorney's fees and costs. (Forcelli Aff. ¶¶ 9–10.) Forcelli requests that the Court award costs and fees for several expenses prior to commencement of this action, such as travel from Germany to Minnesota in December 2019 to attempt to retrieve her three children, including airfare

---

[1] Smith argues that Forcelli's request for fees was untimely. However, Smith cites inapplicable law and local rules to suggest that there is a 30 day limit on filing supporting documents. *See* 28 USC § 2412(a)(1), (d)(1)(B) (imposing 30-day rule for submitted application for fees in an action brought by or against the United States or any agency or official); L.R. 54.3(a) (a party must file an application for fees within 30 days of final judgment in a case under 28 U.S.C. § 2412). By contrast, under ICARA, 22 U.S.C. § 9007, no time limit is imposed for awarding fees to a prevailing petitioner. *See* 28 U.S.C. § 9007(b)(3). Moreover, because the Court already declared that it would award reasonable fees and costs in its August 25 Order, the Court will not require a separate motion be filed in this matter, but only an accounting. As such, the Court finds that it has the authority and obligation to consider the substance of Forcelli's request.

purchased for herself and the three children totaling $5,776.03 and a one-night stay in a hotel for $108.61, (Forcelli Aff. ¶ 3.) As a result of the trip, Forcelli returned to Germany with her two younger children, but M.S.S. remained in Minnesota. (*Id.*) Forcelli alleges that after her trip to Minnesota, Smith moved and would not disclose his new address, forcing Forcelli to hire a private investigator, costing $2,552.90. (*Id.* ¶ 4.) Forcelli also requests payment of international phone service between January and September 2020 in the amount of $1,918.60. (*Id.* ¶ 5.) Forcelli's request also accounts for expenses related to travel after the Court's August 25 Order including airfare for her and M.S.S. costing $3,173.30 and various ground transportation totaling $259.33. (*Id.* ¶¶ 6–7.) In addition, Forcelli identifies miscellaneous travel expenses such as a rental car, an overnight stay in Atlanta while en route to Minnesota, and meals totaling $1,134.41. (*Id.* ¶ 8.)

As to attorney's fees, Forcelli requests $89,136.35 in fees and costs. (*Id.* ¶ 9.) Forcelli's attorney provides greater detail on the amount, explaining that Forcelli's attorney's fees and costs relative to the Hague proceeding totaled $76,461.35. (Rodman Aff. ¶ 5, October 22, 2020, Docket No. 79.) The remaining portion of fees claimed, $12,675, represents work done by Forcelli's attorneys to obtain dismissal of two state court proceedings filed by Smith prior to Forcelli filing her Hague petition. (Rodman Aff. ¶¶ 2–5.)

Smith disputes Forcelli's request as clearly inappropriate based on the Germany custody proceedings following the Court's August 25 Order. (*See* Aff. Timothy Smith

("Smith Aff."), Nov. 6, 2020, Docket No. 82.) Smith explains that shortly after M.S.S. returned to Germany with Forcelli, Smith and Forcelli reached a custody agreement with the German court, wherein Smith would have custody of M.S.S. in the United States. (Smith Aff. ¶ 4.) Smith asserts that awarding Forcelli fees would unduly penalize him because Forcelli forced a full federal trial, yet ultimately agreed to a custody arrangement substantially similar to one Smith made in a settlement offer prior to the bench trial in this action, which Forcelli rejected. (*Id.* ¶¶ 8, 11.) Additionally, Smith attests that he paid his attorney only $31,537.92, compared to the significantly higher sum charged by Forcelli's attorneys, and he asserts that he cannot afford to pay the amount of fees requested based on his limited savings and other financial obligations, including expenses incurred to care for M.S.S. while she was in the United States with him. (*Id.* ¶¶ 12–19.) Smith also objects to specific portions of Forcelli's expenses as unnecessary. (*See id* ¶ 20.)

Forcelli filed a responsive affidavit to provide the Court with additional information about the German court proceedings. (*See* Respons. Aff. Vanessa Forcelli ("2nd Forcelli Aff."), Nov. 24, 2020, Docket No. 86.) Forcelli avers that she agreed to the custody arrangement under duress. (2nd Forcelli Aff. ¶ 2.) Moreover, three days before Smith filed his affidavit on fees, Forcelli filed a petition in German court based on changed circumstances related to the custody dispute over M.S.S. (*Id*. ¶ 7.) In particular, Forcelli attests that after she and Smith reached the custody agreement, M.S.S. expressed that she had testified in German court about her desire to live with her father because of

emotional manipulation by Smith and his girlfriend, and that she would rather remain in Germany with her mother.  (*See id.* ¶¶ 3–9.)  The German court held a hearing on the petition on November 20, 2020, and determined that M.S.S. would remain in Germany until the next hearing sometime in January.  (*Id.* ¶ 10.)

Additionally, Forcelli disputes Smith's inability to pay the requested fees, (*id.* ¶ 11), and revises her requested amount of attorney's fees and costs based on additional charges since submitting her initial affidavit on fees, (*id.* ¶¶ 12–13.)  Forcelli asks for an additional $2,164.31 in attorney's fees, bringing the total amount of requested expenses, fees, and costs to $106,223.84.  (*Id.*)

## DISCUSSION

**I.      STANDARDS APPLICABLE TO REQUESTS FOR FEES UNDER HAGUE CONVENTION**

Pursuant to the Hague Convention on International Aspects of Child Abduction and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9007, "[a]ny court ordering the return of a child . . . shall order the respondent to pay necessary expenses . . . including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3).  This Court "has the duty, under [ 22 U.S.C. § 9007(b)(3)], to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, 'clearly inappropriate.'"  *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004)

(noting that the statute gives "the district court broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards."). The Second Circuit has explained:

> [Section 9007(b)(3)] retains what we have previously described as the "equitable" nature of cost awards. . . . [A] prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court. Absent any statutory guidance to the contrary, the appropriateness of such costs depends on the same general standards that apply when "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. . . . There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the [relevant] considerations."

*Ozaltin v. Ozaltin*, 708 F.3d 355, 375 (2d Cir. 2013) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)); *see also Rydder v. Rydder*, 49 F.3d 369, 373–74 (8th Cir. 1995) (stating that ICARA requires awarding fees and costs to successful party unless "clearly inappropriate" but reducing an award to be "more equitable"). Courts have applied various case-specific equitable factors when deciding the amount of expenses and fees to award, such as whether respondent reasonably believed that their actions were consistent with law, the respondent's ability to pay and financial needs for caring for children, and the reasonableness of fees charged by the petitioner's attorneys. *See Mendoza v. Silva*, 987 F. Supp.2d 910, 915–16 (S.D. Iowa 2014) (citing cases).

## II. ANALYSIS

The Court must determine whether Smith has established that Forcelli's request for fees is "clearly inappropriate." Smith asserts that an award of expenses and fees of

-7-

any amount is clearly inappropriate because Forcelli ultimately agreed to a similar custody arrangement in German court as the one she rejected prior to trial on the present action, indicating that the present litigation was frivolous and unnecessary. The Court will not wade into the merits or current posture of the German court custody proceedings. However, based on Forcelli's response to Smith's affidavit, it is unclear whether the German court will ultimately reach a resolution similar to Smith's settlement offer to Forcelli prior to the bench trial. Thus, the Court finds that an award of fees and costs is not clearly inappropriate.

Nonetheless, the Court will reduce the amount of attorney's fees and costs awarded. First, the Court finds that Forcelli's request for various costs and expenses exceeds necessary costs related to the proceedings heard by this Court and transportation costs related to the return of the child. These aspects of the request are "clearly inappropriate" based on the language of ICARA. 22 U.S.C. § 9007(b)(3). Thus, the Court will not award any costs related to Forcelli's 2019 travel to the United States, the hiring of a private investigator, or representation in legal matters outside the Hague Convention petition adjudicated by the Court. Additionally, the Court will award costs only directly related to Forcelli's transportation to and from the United States following the Court's August 25 Order, and M.S.S.'s transportation to Germany, and will exclude Forcelli's non-transportation travel expenses. Therefore, based on the record, the Court will award $3,923.23 in expenses, representing Forcelli's round-trip airfare of $1760.70,

M.S.S.'s one-way airfare of $1412.60, and ground transportation to and from the airports of $259.33.

Second, as to legal costs and fees for this action, the Court finds that Forcelli has requested both clearly inappropriate and unreasonable fees. Forcelli requests attorney's fees and costs related not only to the Hague Convention petition filed in this Court, but also two state court proceedings. Based on the language of § 9007(b)(3), which instructs the Court to order payment of necessary expenses incurred "during the course of proceedings in the action," the Court declines to award attorney's fees for the state court proceedings.[2] As such, the Court will consider a reduced request of $76,461.35, including only those fees related to representation in this proceeding based on the submission of Forcelli's attorney.

The Court will further reduce the awarded fees based on equitable considerations. First, the Court notes that the determination of habitual residence was a close question in this case and that, although there has been and continues to be reprehensible conduct and communications by both parties documented in the Court, this was not a case of abduction falling "squarely within the heartland of the Hague Convention." *Cuellar v.*

---

[2] *Accord Adkins v. Adkins*, No. 19-5535, 2020 WL 6508616, at *2 (N.D. Cal. Nov. 5, 2020) ("ICARA provides for an award of necessary expenses incurred in 'an action brought under section 9003 [of the Convention].' The statute does not authorize the Court to award fees and costs in ancillary matters litigated in other fora, and Petitioner does not identify any other basis for the Court's authority to do so. The Court finds that it would be improper to award fees for work done in other cases before other courts." (citation omitted)).

*Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010).  Second, the Court recognizes disagreement between the parties about Smith's ability to pay legal fees and costs, but finds that it is more equitable to award an amount which Smith should be able to pay, and which is less likely to hinder him from paying to support his children, whether through child support or other expenses associated with their care.  Lastly, the Court notes that the attorney's fees incurred by Forcelli greatly exceed those incurred by Smith.  Smith's attorney charged a substantially lower sum, $31,537.92, while working in the same legal market, with similar experience, and making an adequate, albeit ultimately unavailing, case to the Court, suggesting that Forcelli's fees were unreasonable or unnecessary.

Accordingly, based on these equitable considerations and the statutory requirements, the Court finds that a reduced award of attorney's fees of $32,000 is appropriate in this matter.  In total, the Court awards Forcelli $35,923.23 for expenses and attorney's fees during the proceedings.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent Smith is ordered to pay Petitioner Forcelli's transportation costs related to the return of M.S.S. to Germany, in the amount of $3,923.23.

2. Respondent Smith is ordered to pay Petitioner Forcelli's reasonable attorney's fees incurred during the course of proceedings in this action, in the amount of $32,000.

DATED: February 18, 2021  
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM  
                                                Chief Judge  
                                      United States District Court